## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SAMANTHA MARSHALL and RACHEL GROLL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 22-cv-01228-JES-JEH |
| VILLAGE OF DWIGHT, a Municipal Corporation, | ) ) ) | |
| Defendant. | ) ) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on the Motion (Doc. 4) to Dismiss Plaintiffs'
Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and Memorandum (Doc. 5) in
Support filed by Defendant Village of Dwight, a Municipal Corporation ("the Village").
Plaintiffs Samantha Marshall ("Marshall") and Rachel Groll ("Groll") filed a Response (Doc. 7)
in Opposition to Defendant's Motion and Defendant filed a Reply (Doc. 9).  For the reasons set
forth below, Defendants' Motion (Doc. 4) is GRANTED.

### Background

On June 1, 2022, Plaintiffs Samantha Marshall and Rachel Groll, former employees of
Defendant Village of Dwight, filed a six-count complaint against the Village of Dwight. Doc 1-
1. Plaintiffs' complaint alleged that they could only be terminated for cause and upon written
notice and an opportunity to be heard, and that the Village terminated them without cause and
with inadequate process in violation of Illinois statutory provisions (Counts 1 and 4), the
contractual relationship between Plaintiffs and the Village (Counts 2 and 5), and the Due Process
Clause in the Illinois and United States Constitution (Counts 3 and 6). On July 5, 2022,
Defendant filed a notice of removal from the Eleventh Judicial Circuit, Livingston County,

Illinois. Doc. 1. Defendants then filed a Motion (Doc. 4) to Dismiss Plaintiffs' Complaint. The following facts are taken from Plaintiffs' Complaint (Doc. 1-1), which the Court accepts as true for the purposes of a motion to dismiss. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

Plaintiffs Samantha Marshall and Rachel Groll were paramedics with the Village of Dwight. Doc. 1-1 at 5 ¶1. The Defendant Village of Dwight is a municipal corporation with its principal office located in Livingstone County, Illinois. Doc. 1-1 at 6 ¶11. Marshall and Groll were hired by the Village on or about April 1, 2020. Doc 1-1 at 7 ¶13. The Village of Dwight has a Village Personnel Policy Manual ("the Personnel Policy") that explains the Village's employment policies. Doc. 1-1 at 7 ¶14. The Personnel Policy places new employees, including paramedics, on probationary status for six months. Doc. 1-1 at 7 ¶14. An employee who successfully completes her probationary period becomes a "regular" employee of the Village. Doc 1-1 at ¶¶14-15. At the time they were terminated, both Marshall and Groll had completed their six month probationary period and were "regular" employees. Doc 1-1 at ¶16.

Plaintiffs' Complaint included a portion of the Village's Personnel Policy as an exhibit. Doc 1-1 at 21-30. Defendant submitted a complete copy of the Policy along with their Reply (Doc. 9). For consistency, all citations to the Personnel Policy in this opinion will be the complete copy included by Defendant. As the parties contest whether the Policy gives Plaintiffs contractual employment protections, the Court summarizes the relevant parts of the Policy. The Policy begins with a message from the Village's President informing employees that the "Personnel Policy Manual, together with the rules, regulations and policies of your respective department, will explain your duties, responsibilities, and benefits as an employee of our Village." Doc. 9 at 12. The introduction to the policy states that "[n]othing in this manual

constitutes a contract or promise of continued employment" and that "[u]nless covered by a collective bargaining agreement, all employees of the Village of Twight are at-will." Doc. 9 at 19. It expressly avows that the Village or the employee may end the employment relationship at any time, with or without cause and with or without notice. Doc. 9 at 19. Section 3.8 defines the probation process as described above, but expressly states that "[s]uccessful completion of the probationary period shall not be construed as creating a contract or promise of continued employment with the Village." Doc. 9 at 29. "Employees who complete the probationary period shall continue with the Village as at-will employees" except for those governed by a collective bargaining agreement. Doc. 9 at 29. Plaintiffs do not allege that their positions were covered by any collective bargaining agreement.

Marshall was terminated in December 2021 and Groll was terminated in January 2022. Doc 1-1 at ¶¶49-51, 57-62. Defendant's motion to dismiss challenges whether Marshall and Groll had any just cause/due process protections for their positions and does not address whether the circumstances leading up to their termination qualified as just cause and due process. Doc 5. As such, the circumstance of their termination is not relevant to this opinion and is omitted.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing the motion, the Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible*, 799 F.3d at 639. To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put the defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A

complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A plaintiff may plead himself out of court by voluntarily providing unnecessary facts that the defendants may use to demonstrate that he is not entitled to relief. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). In considering a Rule 12(b)(6) motion, district courts may consider "any facts set forth in the complaint that undermine the plaintiff's claim." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (quoting *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992)). That freedom includes exhibits attached to the complaint, or documents referenced in the pleading if they are central to the claim. *Id.* (citing Fed. R. Civ. P. 10(c); *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012)). If an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls. *Id.* (citing *Forrest v. Universal Savings Bank, F.A.*, 540, 542 (7th Cir. 2007)).

## Discussion

Defendants contend that all six counts of the complaint fail to state a claim and so must be dismissed. Defendants argue that Counts 1 and 4 must be dismissed because the Village is not required to comply with the statute in question, 65 ILCS 5/10-2.1-17. Defendants argue that the Village of Dwight Personnel Policy does not create a contractual relationship between the Village and the Plaintiffs. Finally, Defendants argue that Counts 3 and 6 must be dismissed because Plaintiffs failed to adequately allege a property interest in their continued employment with the Village.

4

Plaintiffs agree to the dismissal of Counts 1 and 4 and their claims for punitive damages and attorneys fees. Plaintiffs contend that the remaining claims are viable as the Village Personnel Policy Manual created a contractual relationship and therefore gave Plaintiffs a property interest in their continued employment with the Village. The Court addresses these issues in turn.

### 1.  Counts 1 and 4- Illinois Statutory Claims

The first and fourth counts in Plaintiffs' complaint raise statutory challenges to Marshall's (Count I) and Groll's (Count 4) termination under the Board of Fire and Police Commissioners Act ("the Act"), 65 ILCS 5/10-2.1-1 *et seq*.  This Act's provision on removal states that "[e]xcept as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed except for cause, upon written charges, and after an opportunity to be heard in his own defense." 65 ILCS 5/10-2.1-17. Plaintiffs' complaint claims that they were terminated with neither cause, written charges, nor an opportunity to be heard in violation of the Act. Doc. 1-1 at 9-10, 11-12.

Defendant contends, and Plaintiffs concedes, that the Village's population is below the threshold that requires compliance with this portion of the Act. Division 2.1 is mandatory as to municipalities with a population of excess of 5,000 and not more than 250,000 which have not adopted Division 1, 65 ILCS 5/10-1-1. *Reilly v. Board of Fire & Police Comm'rs*, 32 Ill. App. 3d 142, 143 (Ill. App. 1st 1975). Municipalities with a population less than 5000 may adopt Division 2.1 by complying with the requirements set out in Section 10-2.1-27. Defendant contents that the Village has a population below 5,000 and has not adopted Division 2.1. The Illinois Municipal Code provides that "[w]henever in this Code any provision thereof is based upon the number of inhabitants, the number of inhabitants shall be determined by reference to

the latest census taken by authority of the United States or this state, or of that municipality." 65

ILCS 5/1-7-2 (LexisNexis 2022); *see also Reilly*, 32 Ill. App. 3d at 143 (referencing the 1970

census to determine that Division 2.1 applied to the municipality).

      This Court may take judicial notice of facts that are not subject to reasonable dispute

because they can be determined accurately and readily from sources whose accuracy cannot be

reasonably questioned. Fed. R. Evid. 201(b). This includes matters of public record such as

census data. *See e.g. Buchanan-Moore v. City of Milwaukee*, 576 F.Supp.2d 944, 954 (E.D.

Wisc. 2008) (taking judicial notice of census statistics in decision on motion for judgment on the

pleadings); *Skolnick v. Board of Com'rs of Cook County*, 435 F.2d 361, 363 (7th Cir. 1970). The

Court takes judicial notice of the fact that the 2020 U.S. Census reported a population of 4,274

for the Dwight township in Livingstone County, Illinois.[1] As such, Division 2.1 of the Act does

not apply to the Defendant.

      Accordingly, the Court grants the Defendants Motion to Dismiss as to Counts 1 and 4

with prejudice.

### 2. Counts 2 and 5- Breach of Contract Claims

      The Court next addresses Plaintiffs breach of contract claims. The source of Plaintiffs

alleged contractual relationships is the Village's Personnel Policy Manual, an employee

handbook created by the Village. Plaintiffs attached excerpts of the Policy to their complaint as

Exhibit A. Doc. 1-1 at 21-30. Defendants provided a complete copy of the Policy as Exhibit 1 in

their Reply. Doc. 9 at 9-103. A court deciding a motion to dismiss under Rule 12(b)(6) may

consider documents that are attached to a complaint or that are central to the complaint, even if

---

[1] U.S. Census Bureau, 2020 Decennial Census Redistricting Data, PL 94-171 (2021) (available at
https://data.census.gov/table?q=Population&g=0100000US_0400000US17_1600000US1721358
&tid=DECENNIALPL2020.P1) (last accessed 2/10/2023).

not physically attached. *Cmty. Bank of Trenton v. Schnukc Markets, Inc.*, 887 F.3d 803, 809 n.2 (7th Cir. 2018) (citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)). In deciding a motion to dismiss, we cannot consider just those portions of the complaint or documents attached to it that are beneficial to the plaintiff. *Id.* As such, the Court must consider the entire Personnel Policy Manual as provided by the Defendant .

Under Illinois law, "an employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present." *Duldulao v. Sant Mary of Nazareth Hosp. Center*, 505 N.E.2d 314, 318 (Ill. 1987). The traditional contract requirements of offer, acceptance and consideration may be satisfied if 1) "the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made;" 2) "the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer;" and 3) "the employee must accept the offer by commencing or continuing to work after learning of the policy statement." *Id.* However, when "an employer's policy expressly states that it does not create contractual rights, there simply is no promise that an employee can reasonably interpret as an offer to be bound." *Sutula-Johnson v. Office Depot, Inc.*, 893 F.3d 967, 972 (7th Cir. 2018) (citing *Hanna v. Marshall Field & Co.*, 279 Ill.App.3d 784 (Ill. App. 1st 1996)). This opinion focuses on the first prong of the *Duldulao* test, whether the Personnel Policy contained a promise clear enough the Marshall and Groll would reasonably believe that an offer had been made.

Plaintiffs argues that the following provisions of the Personnel Policy were sufficiently clear promises to satisfy this element. In Section 3.8.2. on Continued Employment, the Policy states that "[c]ontinued employment… shall depend on satisfactory completion of a probationary

period, satisfactory work performance, need for work and the availability of funds." Doc. 9 at 29. The Policy indicates that employees will have annual performance evaluations using the Village's performance evaluation form. *Id.* Plaintiffs argue that Section 5.4 of the Personnel Policy titled "Separation" prohibits the Village from terminating except for cause. They base this on the following language: "Separation from employment may be accomplished by resignation, release, discharge and retirement, as hereinafter defined."   Doc. 9 at 36. The policy defines release as "[i]nvoluntary separation initiated by the Village because of the employee's unsatisfactory performance or because of the elimination of position or lack of work." *Id.* Discharge is defined as "[i]nvoluntary termination initiated by the Village for cause." *Id.* Finally, Plaintiffs note that Section 8.16 "Disciplinary Action" sets out a detailed three step disciplinary process. Doc. 9 at 68.

The Court is unpersuaded by Plaintiffs' interpretation of the Personnel Policy. Plaintiffs do not address the repeated disclaimers in the Personnel Policy disavowing any contract and disclaiming the alteration of at-will employment, sometimes in the very sections they rely on. On the first page, the Personnel Policy's Introduction expressly disavows creating any contractual relationship and creating anything other than an at-will employment relationship. Doc. 9 at 19. These disclaimers are "enough in Illinois to show that the handbook does not create legal rights." *Garcia v. Kankakee Cnty. Hous. Auth.*, 279 F.3d 532, 546 (7th Cir. 2002) (citing *Davis v. Times Mirror Magazines, Inc.*, 697 N.E.2d 380, 388 (1998)). Section 2-2 of the Personnel Policy provides in part that the "policies of the Village shall not, however, be interpreted as establishing tenured positions" and neither "this manual, nor any other manual, handbook or regulations are intended to provide a contract of employment, or continued employment, either express or implied." Doc. 9 at 21. Plaintiffs' reading of Section 3.8.1 omits the language that successful

"completion of the probationary period shall not be construed as creating a contract or promised of continued employment" and that employees "who complete the probationary period shall continue with the Village as at-will employees" unless a collective bargaining agreement requires otherwise. *Id.* at 29.

Plaintiffs fail to identify any cases in which other terms or promises in a contract were sufficient to overcome these repeated express disclaimers. Plaintiffs rely on a single case holding that an "at-will" disclaimer provision is not dispositive of the rebuttable presumption of at-will employment. *Meade v. Moraine Valley Comm. Coll.*, 770 F.3d 680, 686 (7th Cir. 2014). While the court in *Meade* did find that such a disclaimer was not dispositive of an employee's status, its decision rested on the fact that the employee's position was for a fixed duration. *Id.* at 686-87. In Illinois there is an exception to the presumption of at-will employment when the work is for a specified, fixed duration. *Id.* (citing *Mitchell v. Jewel Food Stores*, 586 N.E.2d 827, 835 (1990)). Here, Plaintiffs employment was not for a fixed duration and the repeated disclaimers not just of at-will status but also of any contractual relationship in the manual is sufficient to distinguish *Meade*.

The plain language of the Village's Personnel Policy Manual clearly stated that it was not a contract and that Plaintiffs were at-will employees. It would not be reasonable for them to interpret any promises made in the handbook as an offer or to rely on them. This is enough to doom Plaintiffs' claims under the *Duldulao* test and, as Plaintiffs offer no other source for contractual rights, their breach of contract claims in Counts 2 and 5.

Accordingly, the Court grants the Defendants Motion to Dismiss as to Counts 2 and 5 without prejudice.

Illinois cases whose employment manuals differed substantially from the one in this case. The employment manuals in the first case cited by *Cromwell* included language stating that employees who completed the probationary period would achieve 'permanent employment status' and 'tenure'. *Cromwell*, 713 F.3d at 365 (quoting *Robinson v. Ada S. McKinley Cmty. Servs., Inc.*, 19 F.3d 359, 361 (7th Cir. 1994)). The other case discussed in *Cromwell* included an explicit guarantee that non-probationary employees "shall not be suspended, discharged, or otherwise disciplined without just cause."  *Mitchell*, 142 Ill.2d at 154. Materially, neither manual included the disclaimers present in the Personnel Policy. The Policy expressly disavows creating any contractual rights, expressly states that Village employees are considered at-will unless a collective bargaining agreement says otherwise, and makes clear in the very section on probation that Plaintiffs rely on that completing probation does not alter an employees at-will status. These disclaimers make clear that the Village rejected any contention that the Plaintiffs could only be terminated for cause, and so any belief on Plaintiffs part was a mere unilateral expectation.

Plaintiffs argue that the Personnel Policy's statement that "[c]ontinued employment… shall depend on… satisfactory work performance" and its distinguishing between temporary and regular employees are sufficient promises to establish a property interest. These promises fall far short of the kind of guarantees that can establish a property interest. *See e.g. Lee v. County of Cook*, 862 F.2d 139, 142-43 (7th. Cir. 1988) (statement an employee's job was secure as long as she kept up the good work "does not constitute an implied contract or mutually explicit understanding such as that contemplated by *Perry* or *Roth*."). Plaintiffs further contends that the disciplinary procedures set forth in the Personnel Policy created a legitimate expectation of continued employment. However, the Personnel Policy does not state that all employees may only be terminated upon completion of the disciplinary process or make strict compliance with

the full procedures mandatory. This coupled with the disclaimers renders Plaintiffs reliance on the disciplinary procedures a mere subjective expectation.

Accordingly, the Court grants the Defendants Motion to Dismiss as to Counts 3 and 6 without prejudice.

### Conclusion

For the reasons set forth above, Defendant's Motion (Doc. 4) to Dismiss Plaintiffs' complaint is GRANTED. Counts 1 and 4 are dismissed with prejudice. Counts 2, 3, 5, and 6 are dismissed without prejudice. Plaintiffs may file an amended complaint consistent with this Order within 21 days.

Signed on this 1st day of March, 2023.

/s/____James E Shadid____
James E. Shadid
United States District Judge